FILED

DEC 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HORACE G. FRIEND and TERESITA S. FRIEND, | No. 09-56922 |
| Plaintiffs - Appellants, | D.C. No. 8:09-cv-00457-DOC-MLG |
| v. | |
| HOMECOMINGS FINANCIAL NETWORK, INC.; et al., | MEMORANDUM* |
| Defendants - Appellees, | |
| and | |
| JANE DOE, (Nisia) former agent of EFHL and FRED KIANI, former agent of EFHL, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted December 14, 2010**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and W. FLETCHER, Circuit Judges.

Horace G. Friend and Teresita S. Friend appeal pro se from the district court's order dismissing their Third Amended Complaint ("TAC") alleging Truth in Lending Act ("TILA") violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *King v. California*, 784 F.2d 910, 912 (9th Cir. 1986). We affirm.

The district court properly dismissed Appellants' TILA claim seeking damages because it was time-barred. *See* 15 U.S.C. § 1640(e) (an action for damages must be brought within one year of the date of alleged violation); *King*, 784 F.2d at 915. We do not consider Appellants' contentions concerning alleged TILA violations that were not plead in the TAC. *See McMichael v. Cnty. of Napa*, 709 F.2d 1268, 1273 n.4 (9th Cir. 1983) (declining to consider claims not included in the complaint).

The district court properly dismissed Appellants' TILA claim seeking rescission because they did not allege an ability to tender in either their TAC or in their oppositions to the motions to dismiss. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171 (9th Cir. 2003). ("[I]n applying TILA, a trial judge has the discretion to condition rescission on tender by the borrower of the property he had received from the lender.") (internal quotation marks and brackets omitted).

Appellants' remaining contentions are unpersuasive.

Appellee Aurora Loan Services's motion to take judicial notice is denied.

**AFFIRMED.**